IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ANNE B. WAY,

        Plaintiff,

    v.

OHIO CASUALTY INSURANCE
COMPANY, ABC CORPORATIONS 1-
10 (fictitious names),

        Defendants.

HON. JEROME B. SIMANDLE

Civil Action No. 04-4418 (JBS)

**MEMORANDUM ORDER**

    This matter comes before the Court upon Defendant The Ohio Casualty Insurance Company's motion for clarification of this Court's ruling on arbitration; and the Court having considered the submissions of the parties; and for good cause shown;

    THE COURT FINDS as follows:

1.    Plaintiff Anne B. Way filed her Complaint in the Superior Court of New Jersey, Law Division on July 29, 2004, claiming that Defendant The Ohio Casualty Insurance Company ("Ohio Casualty") wrongfully refused to pay her severance pay benefits in accordance with its Separation Pay Plan after her employment ended with Ohio Casualty on February 11, 2004.  Defendant removed Plaintiff's Complaint to federal court on September 13, 2004 and the Clerk of Court referred the case to arbitration on September 16, 2004.

2.    Ohio Casualty filed a motion for exemption from arbitration on October 5, 2005, arguing that the Employment Retirement

Income Security Act ("ERISA") governed the case and that this Court was better suited to address the ERISA legal issues.  On October 8, 2005, this Court entered an Order which stated that "Defendant The Ohio Casualty Insurance Company's Motion is denied, and the case will be arbitrated if it is not determined to be preempted by ERISA."  (October 8, 2005 Order.)

3.  Thereafter, the parties filed briefs on Ohio Casualty's motion for judgment on the pleadings and Plaintiff's motion to remand and cross-motion to amend the Complaint.  On December 2, 2004, the Court granted Ohio Casualty's motion for judgment on the pleadings as well as Plaintiff's motion to amend the Complaint, but denied Plaintiff's motion to remand.  The Court determined that Ohio Casualty's Separation Pay Plan is governed by ERISA and therefore Plaintiff's state law claims were preempted and were therefore to be dismissed.  The Court permitted Plaintiff to file an Amended Complaint which set forth, as its sole count, an ERISA violation allegation.

4.  Subsequently, a scheduling order was issued by Magistrate Judge Ann Marie Donio, which contained language that suggested the case was subject to arbitration.  (February 2, 2005 Order at ¶¶1, 7.)  During the parties' settlement conference on April 8, 2005, the issue of the meaning of

2

this Court's October 8, 2004 Order on Ohio Casualty's motion for exemption from arbitration was raised and Magistrate Judge Donio urged Ohio Casualty to submit a motion to the Court on the issue.  (Affidavit of Jill S. Kirila, ¶4.) That motion is now before the Court.

5.   The Court now finds that the instant case is exempted from arbitration, as Plaintiff's state law claims were found to be preempted by ERISA and the sole remaining claim against Defendant is an alleged ERISA violation.  Moreover, because issues of law, rather than issues of fact, predominate in this matter, the parties are not required to arbitrate.

THEREFORE, IT IS this   **15th**   day of June, 2005 hereby ORDERED that Defendant The Ohio Casualty Insurance Company's motion for clarification of this Court's ruling on arbitration [Docket Item No. 28-1] shall be, and it hereby is, **GRANTED**; and

IT IS FURTHER ORDERED that the parties shall be exempted from compulsory arbitration.

     **s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

3